UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                           No. 21-CR-550 (S-1) (DC)

ERIC GOLDSTEIN,
BLAINE ILER,
MICHAEL TURLEY and
BRIAN TWOMEY,

               Defendants.

– – – – – – – – – – – – – – – – – –X


## THE GOVERNMENT'S REQUESTS TO CHARGE


BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Robert T. Polemeni
Andrew D. Grubin
Laura Zuckerwise
Kaitlin C. McTague
Assistant U.S. Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

REQUEST NO. 1: General Requests..........................................................................2

REQUEST NO. 2: The Superseding Indictment ....................................................3

REQUEST NO. 3: Knowing and Intentional Conduct ........................................4

REQUEST NO. 4: Quid Pro Quo ................................................................................5

REQUEST NO. 5: Official Act .....................................................................................8

REQUEST NO. 6: Conspiracy, Generally..................................................................9

REQUEST NO. 7: Count Two – Hobbs Act Extortion .....................................15

REQUEST NO. 8: Count One – Hobbs Act Extortion Conspiracy..................19

REQUEST NO. 9: Count Seven – Honest Services Fraud ................................21

REQUEST NO. 10: Count Six – Honest Services Fraud Conspiracy .............27

REQUEST NO. 11: Count Five – Federal Program Bribery.............................28

REQUEST NO. 12: Count Four – Federal Program Bribery ...........................35

REQUEST NO. 13: Count Three – Conspiracy to Commit Federal Program Bribery .....38

REQUEST NO. 14: Law Enforcement Witnesses................................................42

REQUEST NO. 15: Stipulations.................................................................................43

REQUEST NO. 16: Expert Witness ..........................................................................44

REQUEST NO. 17: Redactions..................................................................................45

REQUEST NO. 18: Venue ...........................................................................................46

REQUEST NO. 19: Specific Investigative Techniques Not Required............47

REQUEST NO. 20: All Available Evidence Need Not Be Produced ..............48

REQUEST NO. 21: Interview of Witnesses...........................................................49

REQUEST NO. 22: Multiple Defendants.................................................................50

REQUEST NO. 23: Uncalled Witnesses Equally Available to both Sides .....................51

CONCLUSION..................................................................................................................52

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury.

The submitted requests address general matters, the essential elements of the crimes charged in the Superseding Indictment and certain matters of evidence, which the government believes may require instruction to the jury.  The government also requests leave to offer additional instructions as may become appropriate during the course of the trial and, prior to the Court's finalizing its instructions, an opportunity to be heard as to any open objections.

The government respectfully requests that copies of the jury instructions be provided to the jurors during their deliberations.

<u>REQUEST NO. 1</u>
(General Requests)

The government requests that the Court give the pattern instructions from Sand et al., <u>Modern Federal Jury Instructions</u> on the following subjects:

(a)   Role of the Court (Instr. 2-2);

(b)   Role of the Jury (Instr. 2-3);

(c)   The Government as a Party (Instr. 2-5);

(d)   Improper Considerations: Bias, Sympathy, or Prejudice (Instr. 2-11, 2-12);

(e)   Jury to Consider Only These Defendants (Instr. 2-18)

(f)   Jury Communications with Lawyers and the Court (Instr. 1-1, ¶ 6);

(g)   Contact with Others (Instr. 2-21);

(h)   Superseding Indictment Is Not Evidence (Instr. 3-1);

(i)   Multiple Counts (Instr. 3-6);

(j)   Dates in Superseding Indictment Are Approximate (Instr. 3-12);

(k)   Presumption of Innocence and Burden of Proof (Instr. 4-1);

(l)   Reasonable Doubt (Instr. 4-2);

(m)   Direct and Circumstantial Evidence (Instr. 5-2);

(n)   Types of Evidence; Questions are Not Evidence (Instr. 5-3, 5-4);

(o)   Charts and Summaries (if applicable) (Instr. 5-12, 5-13);

(p)   Permissible Inferences Drawn from the Evidence (Instr. 6-1);

(q)   Credibility of Witnesses and Discrepancies in Testimony (Instr. 7-1);

(r)   Defendants' Right Not to Testify (if applicable) (Instr. 5-21);

(s)   Considerations of Punishment Not the Province of the Jury (Instr. 9-1);

(t)   Duty to Consult and Need for Unanimity (Instr. 9-7); and

(u)   Jury's Right to See Exhibits and Have Testimony Read During Deliberations (Instr. 9-3).

REQUEST NO. 2
(The Superseding Indictment)

The defendants are formally charged in a Superseding Indictment.  As I instructed you at the beginning of this case, the Superseding Indictment is a charge or accusation.  It is simply the procedural means by which this criminal case was commenced.  It is not itself evidence.  It does not create any presumption nor permit any inference that the defendants are guilty.

The Superseding Indictment in this case charges the defendants with a total of seven counts:  (1) conspiracy to commit extortion; (2) extortion; (3) conspiracy to commit federal program bribery; (4) and (5) federal program bribery; (6) conspiracy to commit honest services wire fraud; and (7) honest services wire fraud.

Although the Superseding Indictment charges that the statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes violations of the statutes by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.[1]

---

[1]     Adapted from Sand et al., Modern Federal Jury Instructions, 3-1; United States v. Abboud, Case No. 16-CR-396 (ERK), Tr. of Jury Instructions at 1316 (E.D.N.Y. July 10, 2019), ECF No. 154.

REQUEST NO. 3
(Knowing and Intentional Conduct)

During these instructions on the elements of the crime charged, you will hear me use the words "knowingly" and "intentionally."  As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage.  Thus, before you can find the defendants guilty of the crime charged, you must be satisfied that they were acting knowingly and intentionally.

A person acts knowingly if he acts voluntarily and intentionally and not because of ignorance, mistake, accident, or carelessness.  Whether the defendants acted knowingly may be proven by their conduct and by all of the facts and circumstances surrounding the case.

A person acts intentionally if he acts deliberately and purposefully.  You must be satisfied beyond a reasonable doubt that each of the defendants acted deliberately and purposefully. That is, each defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to a defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in a given set of circumstances.  You are asked to do the same here.[2]

---

[2]     Adapted from Sand et al., Modern Federal Jury Instructions, Inst. 3A-1 and 3A-4; United States v. Shipp, Case No. 19-CR-029 (RPK), Final Jury Instructions at 16-17 (E.D.N.Y. Dec. 10, 2020).

REQUEST NO. 4
(Quid Pro Quo)

Throughout these instructions, you will hear me use the term, "quid pro quo." Now I will explain to you what that term means. Quid pro quo is Latin, and it means "this for that" or "these for those."

To establish a quid pro quo, the government must prove that defendants Iler, Turley and Twomey offered a thing of value in exchange for defendant Goldstein's promise to take official acts, or his performance of official acts.

A bribe can be anything of value.[3]  A bribe can be offered directly or indirectly. The government does not have to prove that there was an *express* or *explicit* agreement that official actions would be taken in exchange for the bribe.  A quid pro quo can be implied from words and actions because, otherwise, the law's effect could be frustrated by knowing winks and nods.[4]

The government also does not need to prove that at the time of the quid pro quo, the defendants identified the particular *acts* to be undertaken.  Rather, the government must prove that the defendants understood the particular *question* or *matter* to be influenced.[5]  If the

---

[3]     Silver II, 948 F.3d at 551 (applying definition of bribery from federal bribery statute to honest services fraud and extortion under color of official right).

[4]     Evans v. United States, 504 U.S. 255, 274 (1992) (Kennedy, J., concurring in part and concurring in the judgment); United States v. Mangano, No. 16-CR-540 (JMA), Jury Instructions at 18 (E.D.N.Y. Feb. 28, 2019), ECF No. 393 ("Mangano Inst."); United States v. Full Play Group, S.A., Case No. 15-CR-252 (S-3) (PKC), Jury Instructions at 39 (E.D.N.Y. March 9, 2023), ECF No. 1963 ("FIFA Inst.").

[5]     Skelos, 988 F.3d at 656; Silver II, 948 F.3d at 545; McDonnell, 579 U.S. at 572 (neither honest services fraud nor extortion under color of right require an official to "specify the means that he will use to perform his end of the bargain" to constitute a quid pro quo).

government establishes the quid pro quo, the specific transactions comprising the illegal scheme need not match up this for that.  In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  Again, it is enough that the government proves that a particular payment or promise to provide something of value is made in exchange for a commitment to exercise particular kinds of influence, or to take action in the future on a specific and focused question or matter, to benefit the payor.[6]

It does not matter who initiated the quid pro quo. Also, it does not matter if defendant Goldstein ever actually performed, or even intended to perform, his part of the quid pro quo, provided that he conveyed that he would do so.[7]

If defendant Goldstein performed an official act in exchange for a thing of value, it does not matter whether the actions he took were desirable or beneficial to the public or that his action was only one in an otherwise lawful process.  It does not matter if Goldstein promised to perform an act that was already required by his official duty, or if Goldstein would have taken the same action if no bribe had been paid.  It also does not matter if Goldstein even had the power or authority to perform the act or secure the result desired by the other three defendants.[8]

The laws that the defendants are charged with violating are concerned with the manner in which public officials take action, not with whether the official's actions are good or bad or beneficial or detrimental to the public good.

---

[6]     FIFA Inst. at 39; United States v. Ganim, 510 F.3d 134, 144-145 (2d Cir. 2007); United States v. Silver, 948 F.3d 538, 568 & n.19 (2d Cir. 2020); Sand et al., Modern Federal Jury Instructions, Inst. 27A-12, Comment.

[7]     Evans, 504 U.S. at 268 (1992) ("[F]ulfillment of the quid pro quo is not an element of the offense").

[8]     Adapted from Mangano Inst.; see also FIFA Inst. at 40; Sand et al., Modern Federal Jury Instructions, Inst. 50-22, Comment.

A quid pro quo can be established even if the defendants had a friendly relationship. Bribery, however, is not proven if you find that property is given to and accepted by a public official solely out of friendship or some other motive wholly unrelated to influencing official action. Gifts exchanged solely to cultivate friendship or good will or nurture a relationship are not bribes. Likewise, if the defendant performed an official act solely for reasons unrelated to the defendant's receipt of gifts or things of value, a quid pro quo has not been established.

However, it is also the case that people may act for multiple reasons. A person giving gifts, giving things of value, or making payments, or a person receiving gifts or payments, may have mixed motives. The intent to influence defendant Goldstein's official acts need not have been the SOMMA defendants' sole, or even primary, purpose in providing things of value to him.[9] If you find that things of value were given by defendants Iler, Turley, and Twomey, and were accepted by defendant Goldstein, at least in part in exchange for the promise or performance of official acts, that is sufficient for you to find a corrupt intent, regardless of whether there was any other purpose for the payment.[10]

You will hear the term "quid pro quo" throughout my instructions in this case. This definition applies in each of those counts.

---

[9]   United States v. Gatto, 986 F.3d 104, 129 n.12 (2d Cir. 2021); United States v. Technodyne LLC, 753 F.3d 368, 385 (2d Cir. 2014); United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (holding appropriate instruction that defendant must have accepted or solicited a thing of value "at least in part" intending to be influenced).

[10]   Adapted from Mangano Inst., at 17-19; see also United States v. Skelos, Case No. 15-CR-317 (KMW), Transcript of Jury Instructions at 2974-2976 (S.D.N.Y. July 25, 2018), ECF No. 440 ("Skelos Inst.").

REQUEST NO. 5
(Official Act)

Throughout these instructions, you will also hear me use the phrase, "official act." The natural question will then arise, what is "official action?"  An "official act" or "official action" is a decision or action on a matter that may be pending or may be brought before a public official.  An official act must involve a decision, an action, or an agreement to make a decision or to take action.  The decision or action may include using one's official position to exert pressure on or to order another to perform an official act.  It may also include using one's official position to provide advice to another, knowing or intending that such advice will form the basis for an official act by another.[11]

The decision or action must be made on a question or matter that involves a formal exercise of governmental power.  That means that the question or matter must be specific, focused, and concrete.  An official act is the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete.[12]  Standing alone, setting up a meeting, calling another official, or hosting an event is not an "official act."  But setting up a meeting, calling another official, or hosting an event can all serve as evidence of an agreement to take an official act.  Whether or not an official took an official act or agreed to do so is a question of fact for you to determine, like any other fact question.[13]

You will hear the term "official act" or "official action" throughout my instructions in this case.  This definition applies in each of those counts.

---

[11]     FIFA Inst., at 28; Mangano Inst., at 19-21.

[12]     McDonnell v. United States, 579 U.S. 550, 552 (2016).

[13]     FIFA Inst., at 39; Mangano Inst., at 20-21.

8

REQUEST NO. 6
(Conspiracy, Generally)

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose.  A conspiracy is sometimes referred to as a criminal partnership.  The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit.  A conspiracy is in and of itself a crime.  If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

The United States Congress has deemed it appropriate to make conspiracy a separate crime.  That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

All of the conspiracies charged by the government in the Superseding Indictment have at least two elements.  One of the conspiracies charged – conspiracy to commit federal program bribery – has additional elements, and I will instruct you on that later.  The following are the two elements shared by all of the charged conspiracies:

First, two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering; and

Second, the defendant knowingly and intentionally became a member of the conspiracy.

1.   First Element – Entry into Agreement

The first element requires that the government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy.

9

To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators came to a mutual understanding, even if implicitly and wordlessly, to accomplish an unlawful act by means of a joint plan or common design.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons as proof that a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

## 2. Second Element – Knowing and Intentional Participant

The second element requires that the government prove that the defendant you are considering was a member of that conspiracy. That is, you must determine whether he knowingly and intentionally became a participant in the conspiracy. I have already instructed you as to the terms "knowingly" and "intentionally." You should give the word "voluntarily" its common meaning. The terms "knowingly" and "intentionally" are distinct and essential elements under the law, each of which the government must prove beyond reasonable doubt. In deciding whether a defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, that defendant knowingly and intentionally joined that

conspiracy:  that is, that he participated in it with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives.

Proof of a financial interest in the outcome of a scheme is not essential to show knowledge and intention, although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy.

It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.  A defendant's knowledge is a matter of inference from the facts proved.  To become a member of the conspiracy, a defendant need not have known the identities of every member, nor need he have been apprised of all of their activities.  A defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

A defendant need not have joined in all of a conspiracy's unlawful objectives.  A conspirator's guilt is not measured by the extent or duration of his participation.  In other words, the law does not require a defendant to play an equal role in the conspiracy as another defendant or conspirator.  Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw a defendant within the circle of a conspiracy.  A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

11

Thus, if you find that the conspiracy existed, and if you further find that a defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. The government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy. Instead, the government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

I want to caution you, however, that a defendant's mere presence at the scene of criminal activities does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the unlawful purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendants, with an understanding of the unlawful character of the conspiracy, must have intentionally joined, engaged, advised, or assisted in it for the purpose of

furthering the illegal undertaking.  A defendant thereby becomes a knowing and willing

participant in the unlawful agreement—that is to say, a conspirator.[14]

    3.  <u>Co-Conspirator Statements and Criminal Liability</u>

The charges against the defendants allege that they participated in conspiracies.

In that regard, I admitted into evidence against each defendant the acts and statements of others

because these acts and statements were committed by persons who, the government charges,

were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against each defendant has to

do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership

in crime.  As in other types of partnerships, when people enter into a conspiracy to accomplish

an unlawful end, each and every member becomes an agent for the other conspirators in carrying

out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and

omissions of any member of the conspiracy, and in furtherance of the common purpose of the

conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the

members are responsible for such acts, declarations, statements, and omissions.  Whether the

acts, declarations, statements, and omissions of any member of the conspiracy are reasonably

foreseeable to a defendant are factual questions for your determination.

Thus, if you find beyond a reasonable doubt that a defendant was a member of a

conspiracy charged in the Superseding Indictment, then any acts done or statements made in

---

[14]    Adapted from <u>FIFA</u> Inst., at 25-30; <u>United States v. Ashburn</u>, 11-CR-303 (NGG), Jury Instructions at 27-32 (E.D.N.Y. Mar. 11, 2015), ECF No. 425 ("<u>Ashburn</u> Inst."); <u>United States v. Clemente</u>, 22 F.3d 477, 480 (2d Cir. 1994) (overt act not an element of Hobbs Act conspiracy); Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 50.02.

furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that defendant so long as the acts or statements were reasonably foreseeable to the defendant.  This is so even if such acts were done and statements were made in a defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a defendant.[15]

---

[15]     Adapted from <u>FIFA</u> Inst., at 29-30; <u>see also</u> <u>Ashburn</u> Inst., at 33-34.

REQUEST NO. 7
(Count Two – Hobbs Act Extortion)

I will now instruct you as to Counts One and Two of the Superseding Indictment.

Count One of the Superseding Indictment charges all four of the defendants with conspiring to

commit the crime of extortion, and Count Two charges defendant Goldstein with extortion.  I

will first instruct you as to the extortion count, which is Count Two.  I will then instruct you as to

Count One, which charges the crime of conspiracy to commit extortion.

Defendant Goldstein is charged in Count Two of the Superseding Indictment with

Hobbs Act extortion.  Count Two reads, in relevant part:

> On or about December 8, 2016, within the Eastern District of New York and
> elsewhere, the defendant ERIC GOLDSTEIN, together with others, did
> knowingly and intentionally obstruct, delay and affect commerce, and the
> movement of articles and commodities in commerce, by extortion, in that
> GOLDSTEIN obtained property, to wit: United States currency and other forms
> of payment, from BLAINE ILER, MICHAEL TURLEY, BRIAN TWOMEY and
> others with their consent, which consent was induced under color of official right,
> to wit: GOLDSTEIN's position as a senior executive of the NYC DOE.

The Superseding Indictment charges the defendant with violating section 1951 of Title 18 of the

United States Code.  That section, in pertinent part, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the
> movement of an article or commodity in commerce, by . . . extortion or attempts
> or conspires so to do, or commits or threatens physical violence to any person or
> property in furtherance of a plan or purpose to do anything in violation of this
> section [commits a crime].

As commonly used, the term 'extortion' means coercing someone to give up property as the

result of threats of force or violence.  Extortion under color of official right is a little different.

Extortion under color of official right occurs when a person uses his position as a public official

to obtain money or services not due the official or his public office.

15

The four elements of extortion, each of which must be proven beyond a reasonable doubt, are:

First, that defendant Goldstein was a public official or held public office;

Second, that defendant Goldstein obtained property or services not due him or his office;

Third, that this property was given with the consent of the giver to defendant Goldstein, who knew that the property was given because of the power of his official position, and that the property was given as part of a quid pro quo; and

Fourth, that there was an actual or potential effect on interstate commerce, or an item moving in interstate commerce, was, or was potentially, delayed, obstructed, or affected in some way or degree.[16]

I will now explain each element in more detail.

1. First Element – Defendant was a Public Official

The first element the government must prove beyond a reasonable doubt is that, at the time an official action was taken as charged in the Superseding Indictment, defendant Goldstein was a public official or held public office.[17]  I instruct you that a person holding the position of Chief Executive Officer of the Office of School Support Services of the New York City Department of Education is a public official as a matter of law.

---

[16]     Mangano Inst., at 31; Sand et al., Modern Federal Jury Instructions, Inst. 50-19.

[17]     Mangano Inst., at 31; Sand et al., Modern Federal Jury Instructions, Inst. 50-20.

2.   Second Element – Receipt of Property Not Legitimately Due the Office
     Holder

The second element the government must prove beyond a reasonable doubt is that defendant Goldstein obtained property that was not legitimately owed to the public office that he occupied.  The term "property" includes money and tangible and intangible things of value that are capable of being transferred or given from one person to another.  The property may be obtained in the form of employment.

The government does not have to prove that the property was given to defendant Goldstein directly or that the property personally benefited him.  It is sufficient for this element that defendant Goldstein obtained the property for himself or for a third party.

Defendant Goldstein need not have initiated the payments.  The giver or some other third-party may have initiated the exchange.[18]

3.   Third Element – Misuse of Official Position

The third element that the government must prove beyond a reasonable doubt is that defendant Goldstein used the authority of his office or position to obtain the money, goods or services.  That is, you must decide whether defendant Goldstein represented himself as capable of doing something, or of refusing to do something because of his official position.

To satisfy this element, the government must prove beyond a reasonable doubt that defendant Goldstein obtained a payment to which he was not entitled, knowing that the payment was made in exchange for official acts rather than being given voluntarily or unrelated to the defendant's office.  The defendant need not have affirmatively induced the payments by his actions, but he must have known that the payment was offered in exchange for a specific

---

[18]     Mangano Inst., at 32; Sand et al., Modern Federal Jury Instructions, Inst. 50-21.

exercise of his official powers.  You do not have to determine whether the defendant could or did actually perform the service, or whether he actually had a duty to do so.[19]

    4.  <u>Fourth Element – Effect on Interstate Commerce</u>

If you decide that defendant Goldstein obtained property from another under color of official right, then you must determine whether this action affected interstate commerce in any way or degree.  That is, you must determine whether there was an actual or potential effect on commerce between any two or more states.  "Commerce between two states" just means that items are bought and sold by entities located in different states.

It is not necessary for the government to prove that commerce actually was affected by defendant Goldstein's conduct or that he intended or anticipated that his actions would affect interstate commerce.  It is sufficient if you find that defendant Goldstein's conduct possibly or potentially could have affected interstate or foreign commerce.  The government only needs to prove a very slight or subtle actual or potential effect on interstate commerce.  This element is also proven if the natural consequence of defendant Goldstein's actions was an actual or potential effect on interstate or foreign commerce.[20]

---

[19]    <u>See</u> Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 50-22; <u>Mangano</u> Inst., at 32-33.

[20]    <u>Mangano</u> Inst., at 33-34; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 50-24.

REQUEST NO. 8
(Count One – Hobbs Act Extortion Conspiracy)

All four defendants are charged in Count One of the Superseding Indictment with

conspiracy to commit Hobbs Act extortion. The Superseding Indictment reads:

> In or about and between March 2015 and December 2016, both dates being
> approximate and inclusive, within the Eastern District of New York and
> elsewhere, the defendants ERIC GOLDLSTEIN, BLAINE ILER,
> MICHAEL TURLEY and BRIAN TWOMEY, together with others, did
> knowingly and intentionally conspire to obstruct, delay and affect
> commerce, and the movement of articles and commodities in commerce, by
> extortion, in that GOLDSTEIN agreed to obtain property, to wit: United
> States currency and other forms of payment, from ILER, TURLEY,
> TWOMEY and others with their consent, which consent was inducted under
> color of official right, to wit: GOLDSTEIN's position as a senior executive
> of the NYC DOE.

Count One does not allege that an extortion was actually committed, but that the defendants

conspired to commit extortion.  I have already instructed you as to conspiracy, and that

instruction applies here as well.  As a reminder, the government must prove beyond a reasonable

doubt two elements:

First, that two or more persons entered the unlawful agreement charged in the

Superseding Indictment; and

Second, that the defendant knowingly and intentionally became a member of the

conspiracy.

If you find that all of the required elements of conspiracy to commit extortion

have been proven beyond a reasonable doubt, then you should find the defendants guilty of that

charge.  On the other hand, if you find that any element has not been proven, then you must find

the defendants not guilty of that charge.

REQUEST NO. 9
(Count Seven – Honest Services Fraud)

Count Six charges all four defendants with conspiracy to commit honest services

wire fraud, and Count Seven charges all four of the defendants with honest services wire fraud.  I

will start by instructing you as to Count Seven, and then I will instruct you as to Count Six.

Count Seven states, in relevant part:

In or about and between March 2015 and December 2016, both dates being
approximate and inclusive, within the Eastern District of New York and
elsewhere, the defendants ERIC GOLDSTEIN, BLAINE ILER, MICHAEL
TURLEY and BRIAN TWOMEY, together with others, did knowingly and
intentionally devise a scheme and artifice to defraud the NYC DOE of its
intangible right to the honest services of GOLDSTEIN through bribery and
kickbacks, to wit: one or more payments to GOLDSTEIN, and for the purpose of
executing such scheme and artifice, the defendants, together with others,
transmitted and caused to be transmitted, by means of wire communication in
interstate commerce, writings, signs, signals, picture and sounds, to wit: an
interstate email, dated on or about November 29, 2016, in which TWOMEY
informed GOLDSTEIN that ILER, TURLEY and TWOMEY, among other
things, agreed to transfer an ownership interest of a company to GOLDSTEIN
and others.

Honest services wire fraud involves a scheme to defraud the public of its right to a

person's honest services.  The federal wire fraud statute, Title 18, United States Code, Section

1343, provides, in pertinent part, that:

Whoever, having devised or intending to devise any scheme or artifice to defraud,
or for obtaining money or property by means of false or fraudulent pretenses,
representations, or promises transmits or causes to be transmitted by means of
wire, radio, or television communication in interstate or foreign commerce, any
writings, signals, pictures or sounds for the purpose of executing such scheme or
artifice shall be [guilty of a crime].

The term "scheme or artifice to defraud" includes a scheme or artifice to deprive

another of the intangible right of honest services.  Honest services fraud is limited only to

schemes involving bribes or kickbacks.  These laws were passed by Congress to protect against

20

Case 1:21-cr-00550-DC   Document 128   Filed 05/26/23   Page 23 of 54 PageID #: 2273

the various fraudulent schemes that could be devised by individuals through the use of interstate wires.[21]

      The elements of honest services wire fraud are set forth below:

      <u>First</u>: That defendants Goldstein, Iler, Turley, and Twomey knowingly devised or participated in a scheme or artifice to deprive the public of its right to the honest services of defendant Goldstein by false and fraudulent pretenses, representations, or omissions;

      <u>Second</u>: That each defendant did so knowingly and with intent to defraud;

      <u>Third</u>: That the misrepresentation or omission was material; and

      <u>Fourth</u>: The use of the wires in furtherance of the scheme.[22]

      I will now explain further about each element of wire fraud.

      1.  <u>First Element:  Scheme or Artifice to Defraud</u>

      The first element of wire fraud is that the defendant knowingly devised or participated in a scheme or artifice to defraud the New York City Department of Education and the people of New York City of their intangible right to defendant Goldstein's honest services by means of false or fraudulent pretenses, representations, or promises.

      A "scheme or artifice" is any plan or course of action formed with the intent to accomplish some purpose.[23]  "Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over

---

[21]    <u>See</u> <u>United States v. Boyland</u>, Case No. 11-CR-850 (SLT), Jury Instructions (E.D.N.Y. Mar. 4, 2014) , ECF Dkt. No. 159-1 ("<u>Boyland</u> Inst."), <u>aff'd</u>, 862 F.3d 279 (2d Cir. 2017); <u>FIFA</u> Inst., at 35-36.

[22]    <u>FIFA Inst.</u>, at 36; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 44.01; <u>see also</u> <u>Mangano</u> Inst., at 25.

[23]    <u>Mangano</u> Inst., at 26; <u>FIFA</u> Inst., at 37.

another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained, may also constitute false or fraudulent statements under the statute.  For example, the deceit may consist of the concealment of things of value that the public official has solicited, or the public official's implicit false representation to his government employer and the public that the official has not solicited bribes.[24]

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.[25]

In this case, the government has alleged that each defendant was involved in a fraudulent scheme to deprive the victims—the New York City Department of Education and the public—of honest services through bribes or kickbacks.  In order to prove this allegation, the government must prove beyond a reasonable doubt that each defendant was involved in a

---

[24]     Mangano Inst., at 26.

[25]     Sand et al., Modern Federal Jury Instructions, Inst. 44-4.

fraudulent scheme to deprive the New York City Department of Education of honest services through bribes or kickbacks.[26]  While defendant Goldstein was employed by the New York City Department of Education, he owed the public a duty of honest services by virtue of his official position.  When a public official obtains a corrupt payment or thing of value in exchange for official actions taken or to be taken, the official has breached his duty of honest services.[27]

It is not necessary that the government prove that defendant Goldstein realized any gain from the scheme or that the New York City Department of Education actually suffered any pecuniary loss.  It is sufficient for the government to prove that the New York City Department of Education and the public did not receive the honest and faithful services of the defendant.[28]

2.   Second Element – Participation in Scheme with Intent

The second element of wire fraud is that the defendants devised or participated in the scheme knowingly and with specific intent to defraud.[29]  The definitions of knowingly and intentionally here are the same as the definitions that I gave you earlier.  As I said before, the terms "knowingly" and "intentionally" are distinct and essential elements under the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving the New York City Department of Education of its right to the honest services of defendant Goldstein—i.e., its right to defendant Goldstein's faithful

---

[26]   Sand et al., Modern Federal Jury Instructions, Inst. 44.01.

[27]   Mangano Inst., at 26.

[28]   Id.

[29]   See Sand, Modern Federal Jury Instructions, Inst. 44-5.

performance of his fiduciary duties, including the duty to not accept payments or things of value in exchange for official acts.[30]

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.[31]

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.[32]

However, if a defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would inure to the public good does not require you to find that the defendant acted in good faith.  If the defendant participated in the scheme with the intent of depriving the victims of their right to an executive's honest services, then no amount of honest belief on the part of the defendant that the scheme would, for example, ultimately benefit New York City schoolchildren, will excuse fraudulent actions or false representations by him.[33]

---

[30]    FIFA Inst., at 41; see also Sand et al., Modern Federal Jury Instructions, Inst. 44-5.

[31]    FIFA Inst., at 41; see also Sand et al., Modern Federal Jury Instructions, Inst. 44-5.

[32]    Id.

[33]    FIFA Inst., at 42; see also United States v. Finazzo, 682 F. App'x 6, 8-9 (2d Cir. 2017) (Summary Order).

### 3.   Third Element – Materiality

The third element that the government must prove, beyond a reasonable doubt, is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact.  A representation, statement, false pretense, or omission is "material" if it is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision, or if it is one that would reasonably be expected to influence an employer to change its behavior.  Here, the government alleges that defendant Goldstein's failure to disclose the property or things of value that he was promised or received to the New York City Department of Education and the public was material.  It is up to you to determine whether the government has proven the element of materiality.[34]

### 4.   Fourth Element – Use of Interstate Wires

The fourth element that the government must prove beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  Wire communications include telephone calls, emails, faxes, text message, bank transfers of money, and uploads via the internet.  "Interstate" means that the wire communication must pass between two or more states as, for example, a telephone call or wire transmission of computer signals or funds between two or more states.[35]

The use of the wires need not itself be fraudulent.  The use of the wires must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for a

---

[34]     FIFA Inst., at 42-43; Sand et al., Modern Federal Jury Instructions, Inst. 44-4; see also United States v. Rybicki, 354 F.3d 124, 145-146 (2d Cir. 2003).

[35]     Mangano Inst., at 28.

defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that a defendant caused the wires to be used by others. This does not mean that a defendant must specifically have authorized others to make the call or wire transmission. When a defendant does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.[36]

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Superseding Indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the Superseding Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Superseding Indictment.[37]

---

[36]      Adapted from FIFA Inst., at 43; Mangano Inst., at 28-29.

[37]      Mangano Inst., at 28-29.

REQUEST NO. 10
(Count Six – Honest Services Fraud Conspiracy)

Now I will instruct you as to Count Six of the Superseding Indictment, which

charges all four defendants with conspiracy to commit honest services wire fraud.  Count Six

states, in relevant part, the following:

> In or about and between March 2015 and December 2016, both dates being
> approximate and inclusive, within the Eastern District of New York and
> elsewhere, the defendants ERIC GOLDSTEIN, BLAINE ILER, MICHAEL
> TURLEY and BRIAN TWOMEY, together with others, did knowingly and
> intentionally conspire to devise a scheme and artifice to defraud the NYC DOE of
> its intangible right to the honest services of GOLDSTEIN through  bribes and
> kickbacks, to wit: one or more payments to GOLDSTEIN, and for the purpose of
> executing such scheme and artifice, to transmit and cause to be transmitted, by
> means of wire communication in interstate commerce, writings, signs, signals,
> pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and
> 1346.

In order to satisfy its burden of proof with respect to the allegation of conspiracy in Count Six,

the government must establish each of two essential elements:  first, that the charged conspiracy

existed; and second, that a defendant knowingly and intentionally became a member of the

conspiracy with the intent to accomplish its unlawful purpose.  I previously instructed you on the

elements of conspiracy in connection with Count One, and those instructions apply here as well.

The difference between Count One and Count Six is the goals of the conspiracy.  For Count Six,

the government alleges that the goal of the conspiracy charged was to commit honest services

fraud.[38]

---

[38]     Mangano Inst., at 29.

REQUEST NO. 11
(Count Five – Federal Program Bribery)

Counts Three, Four and Five all relate to federal program bribery.  Count Three

charges all four defendants with conspiracy to commit federal program bribery.  Count Four

charges defendants Iler, Turley, and Twomey with paying bribes in connection with a federally

funded program.  Count Five charges defendant Goldstein with receiving bribes in connection

with a federally funded program.  I will first instruct you as to Count Five.  Count Five reads, in

relevant part, as follows:

> On or about December 8, 2016, within the Eastern District of New York and
> elsewhere, the defendant ERIC GOLDSTEIN, being an agent of a government
> agency, to wit, the NYC DOE, did knowingly, intentionally and corruptly solicit
> and demand for the benefit of GOLDSTEIN, and accept and agree to accept, one
> or more things of value, to wit: United States currency and other forms of
> payment, from one or more persons, to wit: BLAINE ILER, MICHAEL TURLEY
> and BRIAN TWOMEY and others, intending to be influenced and rewarded in
> connection with business and one or more transactions and series of transactions
> of such government agency involving things of value of $5,000 or more, while
> such government agency was in receipt of, in any one year period, benefits in
> excess of $10,000 under one or more Federal programs involving grants,
> contracts, subsidies, loans, guarantees, insurance and other forms of Federal
> assistance.

The Superseding Indictment charges the defendant with violating section 666 of Title 18 of the

United States Code.  That section provides in relevant part:

> Whoever … being an agent of an organization, or of a State, local, or Indian tribal
> government, or any agency thereof … corruptly solicits or demands for the
> benefit of any person, or accepts or agrees to accept, anything of value from any
> person, intending to be influenced or rewarded in connection with any business,
> transaction, or series of transactions of such organization, government, or agency
> involving any thing of value of $5,000 or more [shall be guilty or a crime].

In order to prove the defendant guilty of bribery relating to an organization or government that

receives federal funds, the government must prove each of the following elements beyond a

reasonable doubt:

First, that at the time alleged in the Superseding Indictment, defendant Goldstein was an agent of a local government agency;

Second, that in a one-year period, that same local government received federal benefits in excess of $10,000;

Third, that the defendant accepted or agreed to accept or solicited something of value from another person;

Fourth, that the defendant acted corruptly with the intent to be influenced or rewarded with respect to a transaction or a series of transactions of that same local government;

Fifth, that defendant Goldstein acted with the intent to exchange an official action for something of value; and

Sixth, that the value of the transaction or transactions to which the payment or payments related was at least $5,000.[39]

1. First Element – Agent of a Local Government

The first element that the government must prove beyond a reasonable doubt is that defendant Goldstein was an agent of a local government during the relevant offense.

An "agent" is a person who is authorized to act on behalf of a local government agency. People who are employees, partners, directors, officers, managers, or representatives of a local government agency all qualify as "agents" of that government agency.[40]

---

[39]    Adapted from Mangano Inst., at 14-15; Sand et al., Modern Federal Jury Instructions, Inst. 27A.02; Skelos Inst., at 3005.

[40]    Adapted from Mangano Inst., at 14-15; Sand et al., Modern Federal Jury Instructions, Inst. 27A-10; United States v. Ng Lap Seng, S5-CR-706 (VSB), Jury Instructions at 24 (S.D.N.Y. May 12, 2017), ECF No. 472 ("Seng Inst.").

2.   <u>Second Element – Local Government Agency Received Federal Funds</u>

The second element the government must prove beyond a reasonable doubt is that in a one-year period, the New York City Department of Education received federal benefits in excess of $10,000.

To prove this element, the government must establish that the New York City Department of Education received, during a one-year period beginning no more than twelve months before the defendant committed the acts charged in the Superseding Indictment and ending no more than twelve months after those acts, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or some other form of federal assistance.

It is not necessary for the government to prove that the defendant had any authority over the federal benefits.  Nor does the prosecution have to prove any nexus between the alleged unlawful payments and the federal funding that the local government allegedly received.[41]

3.   <u>Third Element – Solicitation, Demand, Acceptance or Payment</u>

The third element the government must prove beyond a reasonable doubt is that the defendant solicited, demanded, accepted, or agreed to accept something of value for himself or for another person.  A thing of value may be money, tangible property, intangible property, or services, of any dollar value, so long as it has value, including payments to third persons made on the defendant's behalf.

---

[41]   Adapted from <u>Mangano</u> Inst., at 16; <u>Seng</u> Inst., at 27-28; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 27A-1.

The statute makes no distinction between soliciting, demanding, accepting, or agreeing to accept a thing of value.  Accepting or agreeing to accept a payment is just as much a violation of the statute as soliciting or demanding a payment.

You must find that the solicitation, demand, or acceptance of a thing of value occurred while: (i) defendant Goldstein was an agent of the local government and (ii) during the one-year period described in Element Two.

It is not necessary that the payment have been made directly to the defendant. Rather, it is sufficient that the payment was made to a third party at that defendant's direction or for that defendant's benefit or for the purpose of influencing the defendant, as I will explain that term in a moment.[42]

### 4.  Fourth Element – Corrupt Intent

The fourth element the government must prove beyond a reasonable doubt is that the defendant solicited, demanded, accepted, or agreed to accept a thing of value corruptly and with the intent to be influenced or rewarded in connection with some business or transaction of the New York City Department of Education.

To act corruptly means to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded.  This involves conscious wrongdoing or, as it has sometimes been expressed, a bad or evil state of mind.  The motive to act corruptly is ordinarily a hope or expectation of either financial gain or other benefit to oneself or some profit or benefit to another and often involves a breach of duty. A fundamental component of a corrupt act is a breach of some official duty owed to the Government or to the public at large.

---

[42]     Adapted from Mangano Inst., at 17; Sand et al., Modern Federal Jury Instructions, Inst. 27A-12.

In considering this element, remember that it is the defendant's intent at least in part to be influenced or rewarded that is important, not the subsequent actions of defendant or the New York City Department of Education.  Thus, the government does not have to prove that defendant Goldstein received the bribe or that the bribe actually influenced the New York City Department of Education.  It is not even necessary that the defendant had the authority to perform the act sought.  Also, if you find that the defendant accepted the payment with the intent to be rewarded for a decision already made, it does not matter that the payment was not accepted or solicited until after the transaction occurred.[43]

     5.   Fifth Element – Quid Pro Quo

The fifth element the government must prove beyond a reasonable doubt is that the defendants acted with the intent for there to be an official action in exchange for the thing of value.  "Official action" has a specific meaning that I instructed you on earlier. That instruction applies here as well.

To satisfy this element, the government must prove the existence of a quid pro quo.  I have previously explained what a quid pro quo is, and that definition applies here as well. In other words, the government must prove both that defendant Goldstein agreed to take some official action on a specific, concrete question or matter, in exchange for a thing of value, and that he conveyed to the SOMMA defendants that he would follow through on the agreement and take official action in exchange for the payment.

In considering this element, remember that it is defendant Goldstein's conveyance to the other defendants of his intent to be influenced that is important, not the subsequent actions

---

[43]    Adapted from <u>Mangano</u> Inst., at 17-21; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 27A-13; <u>United States v. ford</u>, 435 F.3d 204, 211 (2d Cir. 2006).

of defendant Goldstein.  The government does not have to prove that defendant Goldstein received the corrupt payment that he solicited or agreed to receive.

If defendant Goldstein understood that the benefits were provided solely to cultivate goodwill or to nurture a relationship with a person or entity who provided the benefit, then even if defendant Goldstein later performed some act that was beneficial to defendants Iler, Turley or Twomey, this element will not have been proven.

Similarly, it is not enough for the government to prove that the person giving the benefit intended to curry favor with defendant Goldstein, or to gain access to him, hoping that defendant Goldstein would later act favorably to the giver's interests.  It is also not enough for the government to prove that defendant Goldstein accepted the benefit knowing that it was given in exchange for official action, if defendant Goldstein did not intend to be influenced by the benefit.

On the other hand, if you find that the government has proven that defendant Goldstein accepted or agreed to accept payments or things of value, in exchange for conveying his intent to take official action, then this element will have been proven.  Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.[44]

6.   <u>Sixth Element – Value of Transaction</u>

The fifth element the government must prove beyond a reasonable doubt is that the value of the transactions to which the payment related was at least $5,000.  To establish this element, the government must prove that defendant Goldstein intended to be influenced or rewarded in connection with any business or transaction or series of transactions of the New

---

[44]     <u>Skelos</u> Inst., at 3007-3009.

York City Department of Education involving anything of value of $5,000 or more.  If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

This element does not require the government to prove that defendant Goldstein received at least $5,000.  It is the value of the business or transaction to which the payments related that is important for this element.[45]

---

[45]      Adapted from <u>Mangano</u> Inst. at 21; <u>Seng</u> Inst. at 34; <u>Skelos</u> Inst., at 3009; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 27A-14.

REQUEST NO. 12
(Count Four – Federal Program Bribery)

Count Five is much like Count Four, except instead of receiving one or more

bribes, the charge is that defendants Iler, Turley and Twomey paid one or more bribes to

defendant Goldstein.  For Count Four, the Superseding Indictment reads:

> On or about and between December 8, 2016, within the Eastern District of New
> York and elsewhere, the defendants BLAINE ILER, MICHAEL TURLEY and
> BRIAN TWOMEY, together with others, did knowingly, intentionally and
> corruptly give, offer and agree to give one or more things of value, to wit:  United
> States currency and other forms of payment, to one or more persons with intent to
> influence and reward an agent of a government agency, to wit: ERIC
> GOLDSTEIN in his official capacity as an agent of the NYC DOE, in connection
> with business and one or more transactions and series of transactions of such
> government agency involving a thing of value of $5,000 or more, while such
> government agency was in receipt of, in any one year period, benefits in excess of
> $10,000 under one or more Federal programs involving grants, contracts,
> subsidies, loans, guarantees, insurance and other forms of Federal assistance.

The Superseding Indictment charges the defendant with violating section 666 of Title 18 of the

United States Code.  That section provides in relevant part:

> Whoever … corruptly gives, offers, or agrees to give anything of value to any
> person, with intent to influence or reward an agent of an organization or of a
> State, local or Indian tribal government, or any agency thereof, in connection with
> any business, transaction, or series of transactions of such organization,
> government, or agency involving anything of value of $5,000 or more shall be
> [guilty of a crime].

In order to prove the defendant guilty of bribery relating to a local government agency that

receives federal funds, the government must prove each of the following elements beyond a

reasonable doubt:

First, that at the time alleged in the Superseding Indictment, defendant Goldstein

was an agent of the New York City Department of Education;

Second, that in a one-year period the New York City Department of Education

received federal benefits in excess of $10,000;

35

Third, that defendants Iler, Turley, and Twomey gave or agreed to give or offered something of value to defendant Goldstein;

Fourth, that defendants Iler, Turley, and Twomey acted corruptly with the intent to influence or reward defendant Goldstein;

Fifth, that defendants Iler, Turley, and Twomey acted with the intent to exchange something of value for an official action; and

Sixth, that the value of the transactions to which the payment related was at least $5,000.[46]

I have already instructed you as to the first, second, fifth and sixth elements, which are the same as for Count Five.  The third and fourth elements differ, and I will instruct you on them now.

1.   Third Element – Defendant Gave Something of Value

The third element the government must prove beyond a reasonable doubt is that defendants Iler, Turley, and Twomey gave or agreed to give or offered something of value to defendant Goldstein, as alleged in the Superseding Indictment.  The statute makes no distinction between offering or giving a bribe.  The mere offer of a bribe is just as much a violation of the statute as the actual giving of one.  It is not necessary that the payment be made directly to defendant Goldstein.  If the payment was made to a third party for the purpose of influencing defendant Goldstein, that is sufficient to satisfy this element.[47]

---

[46]     Adapted from Seng Inst., at 24; Skelos Inst., at 3007-3009; Sand et al., Modern Federal Jury Instructions, Inst. 27A-15.

[47]     Adapted from Seng Inst. 29; Sand et al., Modern Federal Jury Instructions, Inst. 27A-19.

2.   <u>Fourth Element – Defendant Acted Corruptly in Connection with Transaction</u>

The fourth element the government must prove beyond a reasonable doubt is that defendants Iler, Turley and Twomey gave, agreed to give, or offered something of value to defendant Goldstein knowingly and corruptly and with the intent to influence or reward defendant Goldstein's actions in connection with some business or transaction of the New York City Department of Education.

As I have already instructed you, to act corruptly simply means to act voluntarily and intentionally with an improper motive or purpose to influence or reward defendant Goldstein's actions.  This involves conscious wrongdoing, or a bad or evil state of mind.

In considering this element, remember that it is defendants Iler, Turley, and Twomey's intent at least in part to influence defendant Goldstein that is important, not the subsequent actions of defendant Goldstein or the New York City Department of Education. Thus, the government does not have to prove that defendant Goldstein accepted the bribe offer or that the bribe actually influenced the final decision of the New York City Department of Education.  It is not even necessary that defendant Goldstein had the authority to perform the act that defendants Iler, Turley, or Twomey sought.  Also, if you find that defendants Iler, Turley, or Twomey acted with the intent to reward defendant Goldstein for a decision already made, it does not matter that the payment was not made or offered until after the business or transaction occurred.[48]

---

[48]    Adapted from <u>Seng</u> Inst., at 30-31; Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. 27A-20.

<u>REQUEST NO. 13</u>
(Count Three – Conspiracy to Commit Federal Program Bribery)

All four defendants are charged with conspiracy to violate federal law.  The

Superseding Indictment reads:

> In or about and between March 2015 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERIC GOLDSTEIN, BLAINE ILER, MICHAEL TURLEY and BRIAN TWOMEY, together with others, did knowingly and willfully conspire: (a) GOLDSTEIN, being an agent of a government agency, to corruptly solicit and demand for the benefit of GOLDSTEIN, and accept and agree to accept; and (b) ILER, TURLEY and TWOMEY to corruptly give and offer one or more things of value, to wit: United States currency and other forms of payment, to one or more persons with intent to influence and reward an agent of a government agency, to wit: GOLDSTEIN in his official capacity as an agent of the NYC DOE, in connection with business and one or more transactions and series of transactions of such government agency involving a thing of value of $5,000 or more, while such government agency was in receipt of, in any one year period, benefits in excess of $10,000 under one or more Federal programs involving grants, subsidies, loans, guarantees, insurance and other forms of Federal assistance, contrary to Title 18, United States Code, Sections 666(a)(1)(B) and (a)(2).

The relevant statute is Title 18, United States code, § 371.  It provides, "If two or

more persons conspire . . . to commit any offense against the United States . . . , and one or more

of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense

against the United States."

In this case, the defendants are accused of having been a member of a conspiracy

to violate certain federal laws.  I have already instructed you as to what a conspiracy is—as a

reminder, an agreement of two or more persons to join together to accomplish some unlawful

purpose.  As I have already instructed, you may find a defendant guilty of the crime of

conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed.[49]

In order for a defendant to be guilty of a conspiracy to violate federal law, the government must prove beyond a reasonable doubt, first, that there was an agreement between two or more persons to commit an unlawful act; second, that at some point the defendant knowingly engaged in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and third, commission of an "overt act" by one or more members of the conspiracy in furtherance of the conspiracy.[50]

I have already instructed you as to the first two elements of conspiracy, and those instructions apply here as well.  The third element that the government must prove beyond a reasonable doubt is that at least one overt act was performed in furtherance of this conspiracy within the Eastern District of New York.  An overt act is any action intended to help achieve the goals of the conspiracy.[51]

Count Three of the Superseding Indictment contains a section entitled, "overt acts."  These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.  The overt acts alleged are as follows:

[The Court is respectfully requested to read the "overt acts" section of Count Three of the Superseding Indictment."]

---

[49]     Sand et al., Modern Federal Jury Instructions, Inst. 19-2.

[50]     See United States v. Reyes, 302 F.3d 48 (2d Cir. 2002) (listing three elements of conspiracy pursuant to 18 U.S.C. § 371); United States v. Van Hise, Case No. 12-CR-847 (PGG), Jury Charge at 25 (S.D.N.Y. Mar. 17, 2014), ECF No. 276 (Van Hise Inst.).

[51]     Sand et al., Modern Federal Jury Instructions, Inst. 19-3S.

You may find that overt acts were committed that are not alleged in the Superseding Indictment. The only requirement is that one of the members of the conspiracy – again, not necessarily a defendant – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

In order for the government to satisfy the overt act requirement, it is not necessary for the government to prove any or all of the overt acts alleged in the Superseding Indictment. Nor do you need to find that the defendants themselves committed any of the overt acts alleged. It is sufficient for the government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the times alleged in the Superseding Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.

You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.[52]

---

[52]    Adapted from Seng Inst., at 15-16; Sand et al., Modern Federal Jury Instructions, 19-7-8; see United States v. Kozeny, 667 F.3d 122, 131-32 (2d Cir. 2011) ("[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime.  The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.") (citation omitted)); Van Hise Inst., at 30-31.

REQUEST NO. 14
(Law Enforcement Witnesses)

You have heard the testimony of federal agents and other law enforcement witnesses.  The fact that a witness is a member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she is a member of law enforcement.

You should consider the testimony of members of law enforcement just as you would consider any other evidence in the case and evaluate its credibility just as you would that of any other witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[53]

---

[53]     Adapted from Sand et al., Modern Federal Jury Instructions, Inst. 7-16.

42

<u>REQUEST NO. 15</u>
(Stipulations)

The attorneys for the government and the defendant have entered into stipulations concerning facts which are relevant to this case.

When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.[54]

---

[54]     Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. No. 5-6.

REQUEST NO. 16
(Expert Witness)
(If Applicable)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.[55]

---

[55]     Adapted from Sand et al., Modern Federal Jury Instructions, Inst. 7-21.

44

REQUEST NO. 17
(Redactions)

Among the exhibits received in evidence, there are some exhibits that are redacted.  "Redacted" means that part of the document was taken out.  Any redacted portions of any exhibit are not themselves evidence, and you are to concern yourself only with the part of the exhibit that has been admitted into evidence.  You should not speculate as to why the exhibit was redacted and what might be contained in any redacted portions of the exhibit.[56]

---

[56]     Adapted from United States v. Cespedes-Pena, Case No. 14-CR-520, Tr. of Jury Instruction at 692-93 (S.D.N.Y. Mar. 18, 2015), ECF No. 51.

REQUEST NO. 18
(Venue)

In addition to the elements I have described for you, you must decide whether any act in furtherance of each of the crimes charged occurred within the Eastern District of New York.  The Eastern District of New York includes Brooklyn, Queens, Staten Island, Nassau and Suffolk Counties.  I should note that on this issue – and this issue alone – the government need not prove venue beyond a reasonable doubt but only by a preponderance of the evidence.  To establish something by a "preponderance of the evidence" means to prove that it is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.  If you find that the government has failed to prove this venue requirement, then you must acquit the defendant.[57]

---

[57]    Adapted from Sand et al., Modern Federal Jury Instructions, Inst. 3-11; United States v. Kaur, Case No. 21-CR-00397 (CBA), Jury Instructions at 40-41 (E.D.N.Y. Apr. 24, 2022), ECF No. 127 ("Kaur Inst.").

<u>REQUEST NO. 19</u>
(Specific Investigative Techniques Not Required)
(If Applicable)

There is no legal requirement that the government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The government is not on trial.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond reasonable doubt.[58]

---

[58]     Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Inst. No. 4-4; <u>Kaur</u> Inst., at 11; <u>FIFA</u> Inst., at 15; <u>Mangano</u> Inst., at 44.

## REQUEST NO. 20
### (All Available Evidence Need Not Be Produced)

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require the government to produce as exhibits all papers and things mentioned during the course of the trial.[59]

---

[59]     Adapted from Mangano Inst., at 11; Ashburn Inst., at 16.

48

REQUEST NO. 21
(Interview of Witnesses)
(If Applicable)

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary throughout the course of the trial.[60]

---

[60]   Adapted from Ashburn Inst., at 13; FIFA Inst., at 13; Abboud Inst., at 1311.

<u>REQUEST NO. 22</u>
(Multiple Defendants)
(If Applicable)

Evidence has been introduced as to the involvement of certain other individuals in the crime charged in the Superseding Indictment.  That these individuals are not on trial before you is not a matter of concern to you.  You should not speculate as to the reason these people are not on trial before you.  The fact that these individuals are not on trial before you should not control or influence your verdict with reference to the defendants here.  The only issue in this case is whether the government has proven the charges against these defendants beyond a reasonable doubt.[61]

I further instruct you that although the four defendants before you are on trial together, your verdict must be determined separately with respect to each defendant based on the evidence or lack of evidence presented against that defendant, and without regard to the guilt or non-guilt of anyone else.  Your views as to the guilt or non-guilt of any person not on trial, or your verdict as to any one defendant, should not control your decision as to any other defendant.[62]

---

[61]     Adapted from <u>Abboud</u> Inst., at 1311; <u>Mangano</u> Inst., at 11-23;

[62]     Adapted from <u>Ashburn</u> Inst., at 18; <u>Mangano</u> Inst., at 14.

REQUEST NO. 23
(Uncalled Witnesses Equally Available to both Sides)
(If Applicable)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[63]

---

[63]    Adapted from Sand et al., Modern Federal Jury Instructions, Inst. No. 6-7; see generally United States v. Erb, 543 F.2d 438, 444 (2d Cir. 1976).

51

<u>CONCLUSION</u>

The government respectfully submits these instructions to the Court.

Dated:          Brooklyn, New York
                May 26, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney


                                By:     _/s/ Robert T. Polemeni___
                                        Robert T. Polemeni
                                        Andrew D. Grubin
                                        Laura Zuckerwise
                                        Assistant U.S. Attorneys


cc:     Clerk of the Court (DC)

52